NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2439
_____

UNITED STATES OF AMERICA

v.

KEVIN DWIGHT HOLLAND,
                           Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-16-cr-00322-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 13, 2019
_____

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Opinion Filed: November 5, 2019)

_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Kevin Dwight Holland appeals his criminal sentence on the grounds

that the District Court erroneously applied the career-offender sentence enhancement

under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") and that it failed

to conduct a proper inquiry when it denied his motion for substitute counsel. For the

following reasons, we will affirm.

I.

On the night of February 8, 2016, Susquehanna Township Police Department

Patrolman Darryl Brown entered the parking lot of a Days Inn in an unmarked police

vehicle and observed that an occupied vehicle was also parked in the lot. As Brown

circled the parking lot, which his department identified as a high-crime location, he saw

the occupied vehicle reverse out of its parking space and drive to another part of the lot.

Brown followed the vehicle to the front of the lot where it pulled into a handicapped

parking space. Shortly thereafter, Brown suspected illegal activity and decided to

approach the vehicle on foot. When he reached the vehicle, Brown observed Holland in

the passenger seat rolling what appeared to be marijuana into a cigar wrapper. Brown

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

2

immediately directed the driver and passenger to place their hands on the dashboard and called for backup. When police backup arrived and Holland was removed from the vehicle, the officers detected a strong odor of marijuana. The officers then conducted a search of Holland's person and recovered plastic bags containing crack cocaine and a semi-automatic pistol.

On November 2, 2016, Holland was charged with one count of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count I); one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count II); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count III). The District Court appointed Wendy Grella as Holland's counsel. Holland, through counsel, filed a pretrial motion to suppress the evidence supporting the charges, and the District Court held a hearing on that motion. On May 16, 2017, the District Court issued a Memorandum and Order denying Holland's motion to suppress, concluding that Brown "had the requisite suspicion and probable cause during his surveillance, approach, and eventual arrest and search of [Holland] and the vehicle to satisfy the requirements of the Fourth Amendment." App. 79.

On September 20, 2017, Holland filed a pro se motion to substitute counsel. In his motion, Holland averred that (1) "[he could] never get in contact with [counsel]"; (2) counsel did not visit him in Columbia County prison; (3) counsel told him he would lose if he went to trial; (4) counsel had focused on plea bargains instead of preparing for

3

trial; and (5) counsel didn't "seem[] to have [his] best interest" in mind. App. 81. The District Court denied his motion for appointment of new counsel "[b]ased on the evidence presented at [the] suppression hearing." App. 84. The District Court also ordered Ms. Grella to "make an inquiry of [Holland] as to how he intends to present his defense if he goes to trial." *Id.* On September 26, 2017, Holland filed a notice of intent to plead guilty without a plea agreement.

At the October 2, 2017 change of plea hearing, the District Court again addressed Holland's motion to substitute counsel. The District Court accepted Holland's open guilty plea and found Holland guilty on all counts of the Indictment. At sentencing, Holland, through counsel, raised his objection to the career-offender sentence enhancement based upon the same argument we rejected in *United States v. Glass*, 904 F.3d 319 (3d Cir. 2018), which was pending at the time—namely that a conviction for violating 35 Pa. Cons. Stat. § 780-113(a)(30) is not a predicate controlled substance offense under U.S.S.G. § 4B1.1 for purpose of the career offender enhancement because the statute criminalizes broader conduct than its federal analog. The District Court overruled that objection and adopted the Guidelines range recommended in the Presentence Investigation Report ("PSR") of 262 to 327 months' imprisonment. On June 12, 2019, the District Court sentenced Holland to 210 months' imprisonment, after granting a downward variance.

4

II.[1]

Holland makes two arguments on appeal, neither of which is persuasive.

First, Holland contends that the District Court erred in finding that he qualified as a career offender, notwithstanding this Court's subsequent decision in *United States v. Glass* because *Glass* did not adequately consider *Pennsylvania v. Donahue*, 630 A.2d 1238 (Pa. Super. Ct. 1993). Absent intervening controlling authority, "the holding of a panel in a precedential opinion is binding on subsequent panels." 3d Cir. I.O.P. 9.1 (2018); *see United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009).[2] Accordingly, we must reject his assignment of error.

Second, Holland challenges his sentence on the ground that the District Court abused its discretion in denying his request for substitute counsel.[3] Courts in this Circuit

---

[1] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Additionally, this argument is unavailing because, as we explained in *United States v. Daniels*, 915 F.3d 148 (3d Cir. 2019), *Donahue* does not contradict our holding in *Glass* that 35 Pa. Stat. Ann. § 780-113(a)(30) is no broader than the Guidelines' definition of a "controlled substance offense." 915 F.3d at 163–64. That is so because, like 35 Pa. Stat. Ann. § 780-113(a)(30), the Guidelines' definition, too, "applies not only to a statute that bars distribution of controlled substances, but also to 'the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.'" 915 F.3d at 152, 163–64 (emphasis removed) (quoting *Glass*, 904 F.3d at 322, and U.S.S.G. § 4B1.2 cmt. n.1).

[3] "We review a District Court's denial of a request for substitution of counsel . . . for abuse of discretion." *United States v. Hodge*, 870 F.3d 184, 201 (3d Cir. 2017) (citations omitted).

"engage in two lines of inquiry" to determine whether to grant a defendant's motion to substitute counsel. *United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982). The court must decide first whether the defendant seeks substitute counsel for good cause. Reasons that constitute good cause are those that are "sufficiently substantial to justify a continuance of the trial in order to allow new counsel to be obtained." *Id.* If the court determines that the defendant is not entitled to a continuance to secure new counsel, the defendant may proceed to trial with his current counsel or pro se. *Id.* Because "the decision to proceed pro se involves a waiver of the defendant's sixth amendment right to counsel, the district court then has the responsibility of ensuring that any decision by the defendant to represent himself is intelligently and competently made." *Id.*; *see also Faretta v. California*, 422 U.S. 806, 835 (1975) ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." (internal quotation marks and citation omitted)).

In denying a motion to substitute, "a district court abuses its discretion only if good cause is shown for the defendant's dissatisfaction with his current attorney." *United States v. Gillette*, 738 F.3d 63, 78 (3d Cir. 2013) (internal quotation marks and citation omitted). According to the *Welty* Court, examples of "good cause" include "conflict of interest, a complete breakdown in communication, or an irreconcilable conflict" between

6

the defendant and defense counsel. 674 F.2d at 188 (citing *McKee v. Harris*, 649 F.2d 927, 931 (2d Cir. 1981)). "[D]isagreement over legal strategy does not constitute good cause for substitution of counsel." *United States v. Gibbs*, 190 F.3d 188, 207 n.10 (3d Cir. 1999). Where, as here, the district court denies the request for new counsel and the defendant proceeds with unwanted counsel, we will not find a Sixth Amendment violation unless: (1) "the district court's 'good cause' determination was clearly erroneous" or (2) "the district court made no inquiry into the reason for the defendant's request to substitute counsel." *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995).

We reject Holland's argument that the District Court abused its discretion in denying his motion for substitute counsel initially filed on September 20, 2017 and reiterated at his October 2, 2017 change of plea hearing. At the outset, we note that the District Court was not required to conduct a one-on-one colloquy with Holland to ascertain good cause. *United States v. Hodge*, 870 F.3d 184, 202 (3d Cir. 2017) ("[I]t is not the case that a trial court must ceaselessly pursue the inquiry until some satisfactory reason is given, since the very purpose of the inquiry is to determine whether any such reason exists."). Here, before denying Holland's September 20, 2017 motion, the District Court evaluated the motion and assessed Holland's contentions in light of his counsel's performance at the May 8, 2017 suppression hearing. Although Holland's motion alleged a breakdown in communication with his attorney, he framed his motion specifically as

7

one of ineffective assistance of counsel. Accordingly, the District Court's evaluation of Holland's counsel's performance at the hearings was appropriate, and its finding of adequate representation was correct.

We also reject Holland's contention that the District Court's inquiry was limited to whether Holland's counsel had been effective. This argument is clearly belied by the transcript of the October 2, 2017 change of plea hearing during which the District Court continued its *Welty* step-one inquiry. Indeed, not only did the District Court permit defense counsel to put on the record the steps she had taken in representing Holland, including describing her efforts to communicate with Holland, but also it allowed Holland to dispute those representations. Holland's counsel indicated that she, *inter alia*, visited Holland at Dauphin County Prison at least twice before Holland was transferred to Columbia County Prison, provided him with a letter outlining four potential defense strategies and their corresponding incarceration consequences, and informed him of her efforts to secure mitigating evidence. When asked whether he disputed these representations, Holland stated that he did not.

Although this inquiry was initially directed at Holland's counsel instead of Holland himself, Holland has failed to demonstrate that that decision was an abuse of discretion. *See Hodge*, 870 F.3d at 202 (explaining that District Court did not abuse its discretion in directing its questions to challenged counsel rather than defendant). That the District Court initially responded to Holland's renewed request for substitute counsel

8

by stating "[y]ou're not going to get another one" does not undermine the fact that the District Court took steps to determine whether good cause for substitution of counsel existed here. What matters is that the District Court considered Holland's motion, solicited further information from both Holland and his counsel before ruling on the motion, and made a considered determination based on that information. The District Court is not required to "ceaselessly pursue the inquiry until some satisfactory reason is given." *Id.* We therefore find that the District Court did not abuse its discretion in denying the motion to substitute counsel.

Holland's argument that the District Court erred as to the *Welty* two-step inquiry is also unavailing. Under the circumstances of this case, the District Court was not required to inquire at the change of plea hearing whether the defendant wished to proceed with current counsel or pro se. Here, the transcript of the change of plea hearing reflects that, upon taking Holland's plea, the District Court stated that it would not replace Holland's counsel. When asked if he understood that, Holland responded in the affirmative. The record therefore does not reflect any attempt on Holland's part to proceed pro se that would necessitate any inquiring by the District Court to "ensure that a defendant truly appreciates the dangers and disadvantages of self-representation . . . [by] advis[ing] him in unequivocal terms both of the technical problems he may encounter in acting as his own attorney and of the risks he takes if his defense efforts are unsuccessful." *Welty*, 674 F.2d at 188. Such a warning was unnecessary because Ms. Grella continued to represent

Holland through his sentencing and without further objection. Accordingly, Holland's argument that the District Court erred in failing to inquire whether he wished to proceed pro se in lieu of having Ms. Grella remain as his counsel is without merit.

III.

For the foregoing reasons, we will affirm the judgment of conviction imposed by the District Court.